UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------------------X

SHONNIECE HOLLAND,

                      Plaintiffs,     JUDGE BUCHWALD   COMPLAINT AND
                                                     JURY DEMAND

            -against-

THE UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
BRITTANY WILSON and DANIELLE BLAKNEY,

                        Defendants.

-------------------------------------------------------------------X

       Plaintiffs, by their attorneys, CHOPRA & NOCERINO, LLP, complaining of the

defendants, respectfully allege, upon information and belief, as follows:

JURISDICTION, VENUE & PARTIES

       1.     Jurisdiction of this court is founded upon 28 U.S.C. §1331, 1339, 1346 and 1367,

28 U.S.C. §2671 et seq., and 39 U.S.C. §409.

       2.     That the causes of action brought herein arise as a result of a motor vehicle

accident which occurred in the County of Bronx, State of New York, specifically on or about

172nd Street at or near its intersection with Elder Avenue, in the County of Bronx.  Accordingly,

the United States District Court for the Southern District of New York is the proper judicial

district and venue is properly laid in this District pursuant to 28 U.S.C. §1391 and 1402.

       3.     That at all times herein mentioned plaintiff SHONNIECE HOLLAND was a

resident of the County of Bronx, State of New York.

1

4.      That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES POSTAL SERVICE, was and is a Federal Agency pursuant to 28 USC §1346.

5.      This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §2671 et seq. and 39 U.S.C. §409.

6.      That the causes of action brought herein involve a motor vehicle owned and operated by the United States of America and/or one of its agencies as well a motor vehicle owned and operated by a domiciliary of New York.  Accordingly, the United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §1367.

7.      That on or about July 22, 2014, plaintiffs caused an administrative claim to be filed with the United States Postal Service at, 380 West 33rd Street, Room 4061, New York, New York 10199.

8.      That this claim was filed within two (2) years of the accrual of the action as prescribed by 28 U.S.C. §2401(b).

9.      That more than six (6) months have elapsed since the claim was presented and there has been no final determination by the United States Postal Service.

10.     That defendants were negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of their aforesaid motor vehicles; in failing to properly maintain, repair and care for the aforesaid motor vehicle; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a highway; in failing to give due and proper warning of the movements of said motor vehicle; in failing to heed traffic controls; in failing to signal or give signals; in failing

2

to afford the plaintiff a reasonable opportunity to reach a place of safety; in operating the motor vehicle as to cause same to come into contact with such objects and/or such persons as involved in said accident; in so operating the motor vehicle as to cause the same to be in such a position on the roadway as to endanger the safety to others; in failing to see; in failing to see that which was there to be seen; in operating said motor vehicle at such speeds at said location so as to cause the same to be of danger to others, and in violating the statues, ordinances and regulations, of which the Court will take Judicial notice, in such cases made and provided.

11.    By reason of the foregoing, plaintiff SHONNIECE HOLLAND was injured.

12.    By reason of the foregoing, plaintiff SHONNIECE HOLLAND was seriously injured.

13.    That defendants were negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of their aforesaid motor vehicles; in failing to properly maintain, repair and care for the aforesaid motor vehicle; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a highway; in failing to give due and proper warning of the movements of said motor vehicle; in failing to heed traffic controls; in failing to signal or give signals; in failing to afford the plaintiff a reasonable opportunity to reach a place of safety; in operating the motor vehicle as to cause same to come into contact with such objects and/or such persons as involved in said accident; in so operating the motor vehicle as to cause the same to be in such a position on the roadway as to endanger the safety to others; in failing to see; in failing to see that which was there to be seen; in operating said motor vehicle at such speeds at said location so as to cause the same to be of danger to others, and in violating the statues, ordinances and regulations, of which the Court will take Judicial notice, in such cases made and provided.

14.     As a direct and proximate result of the foregoing, plaintiff SHONNIECE HOLLAND has suffered, yet suffers and will/may suffer from for an indefinite time in the future injuries including but not limited to neck pain; lumbar surgery; right shoulder surgery; all of which caused her, continue to cause him and will/may cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

15.     As a result of the aforesaid accident and injuries sustained, Plaintiff SHONNIECE HOLLAND has been forced to undergo medical treatment and will/may be forced to undergo medical treatment at an undetermined time in the future.

16.     As a result of the aforesaid accident and injuries sustained, Plaintiff SHONNIECE HOLLAND has expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff SHONNIECE HOLLAND of her injuries all to their great financial loss and damage.

17.     As a result of the aforesaid accident and injuries sustained Plaintiff SHONNIECE HOLLAND has been, yet is and will/may for an indefinite time in the future, be unable to go about her usual and daily occupations and routines.

18.     As a result of the aforesaid accident and injuries sustained Plaintiff SHONNIECE HOLLAND has been, yet is and will/may for an indefinite time in the future, be forced to forego the pleasures of life.

19.     As a result of the aforesaid accident and injuries sustained Plaintiff SHONNIECE HOLLAND has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity, and will/may continue to suffer same forever in the future.

<u>AS AND FOR A CAUSE OF ACTION ON BEHALF OF</u>
<u>PLAINTIFF, SHONNIECE HOLLAND</u>

20.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" inclusive of this Verified Complaint, with the same force and effect as though said allegations were herein fully set forth at length.

21.     That at all times hereinafter mentioned, the defendant UNITED STATES OF AMERICA, owned a motor vehicle bearing New York license plate number 3510800.

22.     That at all times hereinafter mentioned, the aforementioned motor vehicle bearing New York license plate number 3510800 was registered to the defendant, UNITED STATES POSTAL SERVICE, located at 205 West 140th Street, New York, New York 10030.

23.     That at all times hereinafter mentioned, the aforementioned motor vehicle bearing New York license plate number 3510800 was being operated by the defendant, UNITED STATES POSTAL SERVICE.

24.     That at all the times hereinafter mentioned the defendant BRITTANY WILSON, owned the aforementioned motor vehicle bearing New York license plate number 3510800.

25.     That at all the times hereinafter mentioned the defendant BRITTANY WILSON, operated the aforementioned motor vehicle bearing New York license plate number 3510800.

26.     That at all the times hereinafter mentioned the defendant BRITTANY WILSON, managed the aforementioned motor vehicle bearing New York license plate number 3510800.

27.     That at all the times hereinafter mentioned the defendant BRITTANY WILSON, controlled the aforementioned motor vehicle bearing New York license plate number 3510800.

28.     That at all the times hereinafter mentioned the defendant BRITTANY WILSON, maintained the aforementioned motor vehicle bearing New York license plate number 3510800.

29.     That at all the times hereinafter mentioned, the defendant, BRITTANY WILSON, operated the above-mentioned vehicle with the permission and consent of the UNITED STATES POSTAL SERVICE and within the scope of his employment.

30.     That at all the times hereinafter mentioned, the defendant, BRITTANY WILSON, managed the above-mentioned vehicle with the permission and consent of the UNITED STATES POSTAL SERVICE and within the scope of his employment.

31.     That at all the times hereinafter mentioned, the defendant, BRITTANY WILSON, controlled the above-mentioned vehicle with the permission and consent of the UNITED STATES POSTAL SERVICE and within the scope of his employment.

32.     That at all the times hereinafter mentioned, the defendant, BRITTANY WILSON, maintained the above-mentioned vehicle with the permission and consent of the UNITED STATES POSTAL SERVICE and within the scope of his employment.

33.     That at all times hereinafter mentioned, the defendant DANIELLE BLAKNEY, owned a motor vehicle bearing New York license plate number EXP4134.

34.     That at all the times hereinafter mentioned the defendant DANIELLE BLAKNEY, operated, managed and controlled a motor vehicle bearing New York license plate number EXP4134.

35. That at all the times hereinafter mentioned the defendant DANIELLE BLAKNEY, managed a motor vehicle bearing New York license plate number EXP4134.

36. That at all the times hereinafter mentioned the defendant DANIELLE BLAKNEY, controlled a motor vehicle bearing New York license plate number EXP4134.

37. That at all the times hereinafter mentioned the defendant DANIELLE BLAKNEY, maintained a motor vehicle bearing New York license plate number EXP4134.

38.     That at all times hereinafter mentioned, 172nd Street at or near its intersection with Elder Avenue, in Bronx County and State of New York, was and still is a public thoroughfare used and devoted to use by members of the general public.

39.     That on or about May 9, 2013, at the above-stated time and place, the above-mentioned motor vehicles came into contact with one another and collided at the above-mentioned public thoroughfare.

40.     That on or about May 9, 2013, the plaintiff, SHONNIECE HOLLAND was lawfully and properly a passenger in the motor vehicle owned and operated by the defendant, DANIELLE BLAKNEY.

41.     That at all times herein mentioned, as a result of the aforementioned collision, the plaintiff, SHONNIECE HOLLAND was caused to be thrown about the motor vehicle in which she was riding as a passenger, which was owned and operated by the defendant, DANIELLE BLAKNEY, and she was injured.

42.     That as a result of the foregoing, the plaintiff, SHONNEICE HOLLAND was caused to sustain serious personal injuries, solely as a result of the negligence and carelessness of the defendants herein in their respective ownership, operation, maintenance and control of their aforesaid vehicles.

43.     That as a result of the foregoing, said plaintiff sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

44.     This action falls within the exceptions listed in paragraph 6 as stated in Section 1602 of the Civil Practice Law and Rules of the State of New York.

<u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs hereby demand a jury trial pursuant to Fed. R. Civ. P. Rule 38, of all issues capable of being determined by a jury.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against the defendants:

a)      an award of compensatory damages for the plaintiff SHONNIECE HOLLAND in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

b)      the convening and empanelling of a jury to consider the merits of the claims herein;

c)      an award of costs and fees incurred in the maintenance of these actions, including but not limited to attorneys' fees; and

d)      such other and further relief as this Court deems just and proper including injunctive and declaratory relief as may be required in the interest of justice.

Dated: March 31, 2015
      Mineola, New York

                           CHOPRA & NOCERINO, LLP

                           _____
                           By: Alex Nocerino Esq.
                           Attorneys for Plaintiffs
                           85 Willis Avenue, Suite E
                           Mineola, New York 11501
                           (212) 868-3600

## <u>VERIFICATION</u>

Alex Nocerino, an attorney duly admitted to practice in the State of New York affirms the following under penalties of perjury:

I am a partner of Chopra & Nocerino, LLP, attorneys for the plaintiffs in the captioned action. I have read the foregoing and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The reason this Verification is made by me and not by plaintiff is that the plaintiff resides in a county other than the one in which the plaintiff's attorneys' maintain their offices.

The source of my information and the grounds for my beliefs are communications, papers, reports and investigations contained in the litigation file.

Dated: March 31, 2015
      Mineola, New York

_____
ALEX NOCERINO